# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

CARLOS GONZALEZ-DEL HOYO;

    Plaintiff,

v.

TOWN OF CASTLE ROCK; and
JOSEPH GONDECK, in his individual capacity.

    Defendants.

---

## COMPLAINT AND DEMAND FOR A JURY TRIAL

---

Plaintiff, Carlos Gonzales-Del Hoyo, for his Complaint and Jury Demand, states and alleges as follows:

### THE PARTIES

1. Plaintiff Carlos Gonzalez Del Hoyo was a resident of the state of Colorado during the relevant times described herein.

2. Defendant Town of Castle Rock is a municipal corporation in the State of Colorado. The Castle Rock Police Department (CRPD) is a subdivision of the Town of Castle Rock.

3. Defendant Joseph Gondeck is a citizen of the United States and was a resident of the state of Colorado during the relevant times described herein. Defendant Gondeck is

sued in his individual capacity as a police officer in the Castle Rock Police Department.

## JURISDICTION AND VENUE

4. This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331(a) and 1343, the Fourth Amendment United States Constitution, and over the parties pursuant to 28 U.S.C. § 1391(b) because this action arises from the commission of tortious acts within the State of Colorado, by residents of the State of Colorado.

5. Additionally, this Court has jurisdiction over Colorado state law claims under 28 U.S.C. § 1367(a) as the allegations underlying Plaintiff's federal claims are the same as those underlying his Colorado state law claims.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District Court in and for the District of Colorado because the conduct complained of occurred within the City of Manitou Springs which is within the District of Colorado.

## ALLEGATIONS

7. On the afternoon of May 27, 2021, officers of the Castle Rock police department began investigating a potential stolen vehicle.

8. Later, Castle Rock police officers located the empty vehicle and began looking for two Hispanic men.

9. Defendant Gondeck is an officer who also utilizes a K9.

10. Defendant Gondeck then had Maverick smell the car so that Maverick could track the suspects down by scent.

11. Defendant Gondeck at that time gave Maverick instructions to find and attack those individuals with whom the smells in the stolen vehicle were associated.

12. At that point, Defendant Gondeck made Maverick into a dangerous instrumentality.

13. Castle Rock police officers then located two Hispanic men approximately a mile from the abandoned car and held them at gunpoint. One of these individuals was Plaintiff Carlos Gonzales Del Hoyo.

14. At around 6:20 p.m. on May 27, 2021, Mr. Del Hoyo was placed under arrest by Defendant Joseph Gondeck and a second Castle Rock police officer.

15. Defendant Gondeck then placed Mr. Del Hoyo into handcuffs with his hands secured behind his back.

16. At no time did Mr. Del Hoyo resist arrest.

17. For the next 30 minutes, Mr. Del Hoyo sat on the curb with his arms handcuffed behind his back.

18. Mr. Del Hoyo never attempted to flee.

19. Mr. Del Hoyo never engaged in any violent behavior.

20. Mr. Del Hoyo simply sat on the curb.

21. At approximately 6:52 p.m., Defendant Gondeck was preparing to place the other individual into his police vehicle.

22. Defendant Gondeck's dog, Maverick, was in his holding place in the driverside of Defendant Gondeck's vehicle.

23. Defendant Gondeck's vehicle possessed multiple warnings that the vehicle contained a police K9.





24. Even though both suspects were both handcuffed and had not resisted arrest nor engaged in any violence or threat of violence, Defendant Gondeck then intentionally released Maverick from the holding cell in Defendant Gondeck's own police vehicle.

25. Defendant Gondeck knew from his prior orders to Maverick that Maverick would seek out any persons associated with the smells from the stolen vehicle.



26. Knowing that Maverick was a dangerous dog and without the ability to control or command Maverick, Mr. Gondeck pushed the first individual against Gondeck's K9 Unit police vehicle.

27. If Maverick was under voice command, Defendant Gondeck would have simply issued an order to either remain in the vehicle or stand down.

28. Instead, knowing that Maverick was a dangerous dog, Defendant Gondeck got out of the way.

29. Maverick instead charged at Mr. Del Hoyo, specifically seeking out Mr. Del Hoyo's groin.









7



30. Maverick immediately bit down on Mr. Del Hoyo's testicles.

31. For the next two (2) minutes, Maverick continued to bite Mr. Del Hoyo's testicles.

32. Maverick had received little to no training.

33. No trained police dog attacks without any order or instruction from their handler.

34. Moreover, a police dog specifically seeking out the groin of an individual is a dog that is either without any training, with inadequate or improper training, or one who has been trained to exact pain and violence instead of seeking to achieve legitimate law enforcement purposes.

35. Maverick sought to inflict pain.

36. Maverick was also without any training or was inadequately or improperly trained because he specifically attacked an individual who was engaged in no violence nor engaged in any efforts to resist or flee arrest.

8

37. Without any order, Maverick attacked Mr. Del Hoyo.

38. For two minutes, Maverick continued to bite on Mr. Del Hoyo's testicles and groin.



39. Initially, Defendant Gondeck simply tried to pull Maverick off.

40. Maverick was not given his first command to release for 15 seconds as Mr. Del Hoyo cried in pain.

41. Maverick ignored this command.

42. Defendant Gondeck waited another 10 seconds to give a second command.

43. Although Mr. Del Hoyo was screaming in pain, Defendant Gondeck's first priority was to remove his K9 without harming his K9.

44. Defendant Gondeck never once placed himself in harm's way to save an individual being mauled by the K9 he was supposed to have trained and supposed to have under command.

9

45. Other Castle Rock police officers initially stood around and watched, providing Mr. Del Hoyo no aid.

46. Maverick was out of control because he had never received the training necessary to be permitted to serve as a police dog.

47. Defendant Gondeck had not received the necessary training nor the necessary continuing training to safely operate with Maverick in law enforcement work.

48. Defendant Gondeck knew that Maverick posed a danger to individuals.

49. Defendant Gondeck knew that he did not have control of Maverick when he took Maverick into the field.

50. Defendant Gondeck knew that Maverick would not stop mauling a person even in the face of electrical shocks.

51. Nonetheless, and in the face of such obvious dangers, Defendant Gondeck took Maverick into the field.

52. The attack that Mr. Del Hoyo suffered was the expected result from Defendant Gondeck's efforts.

53. The Castle Rock police department was aware of the deficiencies in the training of both Defendant Gondeck and Maverick.

54. The Castle Rock police department was aware that without proper training for either Defendant Gondeck or Maverick, Maverick was a danger to individuals, especially individuals who were placed in a vulnerable position in handcuffs.

55. Indifferent to these concerns, the Castle Rock police department encouraged Defendant Gondeck to use Maverick in law enforcement functions.

## CAUSES OF ACTION

### COUNT I:
### 42 U.S.C. 1983 - Excessive Force
### (Plaintiff Carlos Gonzalez Del Hoyo Against All Defendants)

56. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

57. Defendant Gondeck acted under color of state law, and within the course and scope of their employment, in their capacities as a law enforcement officer for the CRPD at all times relevant to the allegations in this Complaint.

58. Defendants are "persons" under 42 U.S.C. § 1983.

59. Plaintiff had a protected Fourth Amendment interest against being victimized by the use of excessive force at the hands of law enforcement personnel.

60. Defendants did not have, at any time, a legally valid basis to seize Plaintiff.

61. Defendants unlawfully seized Plaintiff by means of excessive physical force.

62. Defendants had no warrant authorizing any seizure of Plaintiff.

63. Each Defendant failed to intervene to prevent the other Defendants from violating Plaintiff's constitutional rights and is thereby liable for such failure to intervene.

64. Defendants' actions were objectively unreasonable in light of the circumstances confronting them.

65. Plaintiff had committed no crime (nor could any of the Defendants have reasonably believed he had committed any crime) that would legally justify arrest or detention, Plaintiff gave the officers no reason to fear for their safety, Plaintiff was obviously unarmed, Plaintiff was handcuffed, and Plaintiff was not resisting arrest or fleeing.

66. Defendants did not have a legally valid basis to seize Plaintiff in the manner and with the level of force used under the circumstances presented.

67. Defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them.

68. At the time when Defendants used excessive force against Plaintiff, Plaintiff had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure from unreasonable seizure through excessive force. Any reasonable law enforcement officer knew or should have known of this clearly established right.

69. Defendants engaged in these actions intentionally, willfully, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's constitutionally protected rights.

70. Defendant Town of Castle Rock knew that proper training was necessary for the safe use of a police dog.

71. Defendant Town of Castle Rock failed to provide proper training to either Defendant Gondeck or Maverick.

72. Defendant Town of Castle Rock knew that an attack like this was practically certain to occur in the absence of adequate training.

73. Nonetheless, Defendant Town of Castle Rock failed to provide adequate training to Defendant Gondeck and Maverick

74. As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described herein, Plaintiff suffered injuries, damages, and losses.

75. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered during and after the vigil, and other compensatory and special damages.

76. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

## COUNT II:
## C.R.S. 13-21-131 - Excessive Force
### (Plaintiff Carlos Gonzalez Del Hoyo Against Defendant Joseph Gondeck)

77. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

78. Defendant acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers for the CRPD at all times relevant to the allegations in this Complaint.

79. Defendant was a peace officer under C.R.S. 24-31-901(3) at all times relevant to the allegations in this Complaint.

80. Plaintiff had a protected interest against being victimized by the use of excessive force at the hands of law enforcement personnel.

81. Defendant did not have, at any time, a legally valid basis to seize Plaintiff.

82. Defendant unlawfully seized Plaintiff by means of excessive physical force.

83. Defendant had no warrant authorizing any seizure of Plaintiff.

84. Defendant's actions were objectively unreasonable in light of the circumstances confronting them.

85. Plaintiff had committed no crime (nor could Defendant Gondeck have reasonably believed they had committed any crime) that would legally justify arrest or detention, Plaintiff gave the officers no reason to fear for their safety, Plaintiff was obviously unarmed, and Plaintiff was not resisting arrest or fleeing.

86. Defendant did not have a legally valid basis to seize Plaintiff in the manner and with the level of force used under the circumstances presented.

87. Defendant's actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them.

88. At the time when Defendant used excessive force against Plaintiff, Plaintiff had a clearly established constitutional right under the Colorado Constitution to be secure from unreasonable seizure through excessive force.

89. Defendant engaged in these actions intentionally, willfully, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's constitutionally protected rights.

90. As a direct and proximate cause and consequence of Defendant's unconstitutional acts and omissions, described herein, Plaintiff suffered injuries, damages, and losses.

91. Defendant's herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered during and after the vigil, and other compensatory and

special damages.

92. Defendant's intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America and the Constitution of the state of Colorado.

## COUNT III:
## 42 U.S.C. 1983 - Due Process - State Created Danger
### (Plaintiff Carlos Gonzalez Del Hoyo Against All Defendants)

93. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

94. Defendants acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers for the CRPD at all times relevant to the allegations in this Complaint.

95. Defendants are "persons" under 42 U.S.C. § 1983.

96. Defendant Gondeck created a dangerous situation by both permitting a dangerous dog to engage in police work and by letting a dangerous dog out of the vehicle when Defendant Gondeck knew that two individuals, including Mr. Del Hoyo, were vulnerable and unable to protect themselves while in handcuffs.

97. Defendant Castle Rock, through failing to provide Mr. Gondeck and Maverick, with adequate training, knew that there was a substantial risk that it was placing a dangerous dog into a situation where it might harm members of the public, including individuals who were under arrest.

98. Mr. Del Hoyo was within the class of individuals with whom the danger from

Maverick was obvious.

99. Defendants' conduct placed Mr. Del Hoyo at a substantial risk of serious, immediate, and proximate harm.

100. The risk of putting a dangerous and uncontrollable dog into law enforcement operations was obvious and known to Defendants.

101. Defendants acted recklessly in conscious disregard of the risk that this dog posed.

102. Putting a dog which bites without warning or command and does not release and attacks at random is truly shocking to the conscience.

103. As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described herein, Plaintiff suffered injuries, damages, and losses.

104. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered during and after the vigil, and other compensatory and special damages.

105. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

## COUNT IV:
## C.R.S. 13-21-131 - Due Process - State Created Danger
### (Plaintiff Carlos Gonzales Del Hoyo Against All Defendant Joseph Gondeck)

106. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

107. Defendant acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers for the CRPD at all times relevant to the allegations in this Complaint.

108. Defendant was a peace officer under C.R.S. 24-31-901(3) at all times relevant to the allegations in this Complaint.

109. Defendant Gondeck created a dangerous situation by both permitting a dangerous dog to engage in police work and by letting a dangerous dog out of the vehicle when Defendant Gondeck knew that two individuals, including Mr. Del Hoyo, were vulnerable and unable to protect themselves while in handcuffs.

110. Mr. Del Hoyo was within the class of individuals with whom the danger from Maverick was obvious.

111. Defendant's conduct placed Mr. Del Hoyo at a substantial risk of serious, immediate, and proximate harm.

112. The risk of putting a dangerous and uncontrollable dog into law enforcement operations was obvious and known to Defendant.

113. Defendant acted recklessly in conscious disregard of the risk that this dog posed.

114. Putting a dog which bites without warning or command and does not release and attacks at random is truly shocking to the conscience.

115. As a direct and proximate cause and consequence of Defendant's unconstitutional acts and omissions, described herein, Plaintiff suffered injuries, damages, and losses.

116. Defendant's herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited

to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered during and after the vigil, and other compensatory and special damages.

117. Defendant's intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America and the Constitution of the state of Colorado.

WHEREFORE, Plaintiffs pray for relief as follows:

1. Declaratory relief and other appropriate equitable relief;
2. Economic losses on all claims as allowed by law;
3. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
4. Punitive damages on all claims allowed by law and in an amount to be determined at trial;
5. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;
6. Pre-and post-judgment interest at the lawful rate; and
7. Any other appropriate relief at law and equity that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable.

Respectfully submitted this 23rd day of May 2023.

<u>E. Milo Schwab</u>
E. Milo Schwab
2401 S Downing
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co

**ATTORNEY FOR PLAINTIFF**
